J. S25008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
NATHANIEL LAMONT DUCK, JR., : No. 524 WDA 2015
:
Appellant :


Appeal from the PCRA Order, March 4, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0002921-2012,
CP-02-CR-0005091-2012


BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED APRIL 4, 2016**

Nathaniel Lamont Duck, Jr. appeals **pro se** from the order filed in the Court of Common Pleas of Allegheny County which dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The PCRA court set forth the following procedural history:

> [Appellant] was charged at CC 201205091 with Rape,[Footnote 1] Involuntary Deviate Sexual Intercourse,[Footnote 2] Unlawful Contact with a Minor,[Footnote 3] Incest,[1] Explicit Sexual

---
[1] 18 Pa.C.S.A. § 4302.

Materials to a Minor,[Footnote 4] Endangering the Welfare of a Child,[Footnote 5] Corruption of Minors[Footnote 6] and Indecent Assault[Footnote 7] and at CC 201202921 with Rape, Involuntary Deviate Sexual Intercourse, Unlawful Contact with a Minor, Incest, Indecent Assault and Corruption of Minors in relation to a series of assaults on his 16 year old daughter. He appeared before this Court on May 9, 2013 and, pursuant to a plea agreement with the Commonwealth as to sentencing only, pled guilty to all charges. He was sentenced to two (2) concurrent terms of imprisonment of five (5) to 20 years at each of the Rape charges. No Post-Sentence Motions were filed and no direct appeal was taken.

> [Footnote 1] 18 Pa.C.S.A. § 3121(a)(1)
> [Footnote 2] 18 Pa.C.S.A. § 3123(a)(1)
> [Footnote 3] 18 Pa.C.S.A. § 6318(1)
> [Footnote 4] 18 Pa.C.S.A. § 5903(c)
> [Footnote 5] 18 Pa.C.S.A. § 4304
> [Footnote 6] 18 Pa.C.S.A. § 6301(a)(1)
> [Footnote 7] 18 Pa.C.S.A. § 3126(a)(1)

No further action was taken until August 20, 2014, when [appellant] filed a [*pro se*] [PCRA] Petition. Counsel was appointed to represent [appellant], but later filed a [*Turner*[2]] "no-merit" letter and was granted permission to withdraw from the representation. After giving the appropriate notice, this Court dismissed the Petition without a hearing on March 4, 2015. This appeal followed.

In support of his appeal, [appellant] has filed a Concise Statement of Matters Complained of on Appeal. However, the document does not actually specify any issues to be raised and in fact is wholly unintelligible. Nevertheless, the record reflects that the Petition is untimely and this Court cannot discern averments of any exceptions to the time limitation provisions of the [PCRA] and this Court properly dismissed the Petition as untimely.

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988).

PCRA court opinion, 7/20/15 at 1-2.

Appellant raises nine issues for our review. In Issue 1, appellant alleges that the trial court abused its discretion "by failing to provide the requested discovery and blatantly try [sic] to ignore it vandictively [sic]." (Appellant's brief at 6.) Issues 2, 3, 4, 5, 6, 7, and 8 allege ineffective assistance of trial counsel. (*Id*.) Issue 9 appears to be an attempt to raise a newly discovered evidence claim. (*Id*.)

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on May 9, 2013. Appellant failed to file a direct appeal to this court, and consequently, appellant's

judgment of sentence became final on June 10, 2013, 30 days after imposition of sentence and the time for filing a direct appeal expired.[3] **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed August 20, 2014, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

---

[3] We note that 30 days after the trial court sentenced appellant was June 8, 2013, but that June 8, 2013 was a Saturday.

Here, although appellant fails to allege the applicability of an exception in his Issues 1 through 8, he baldly alleges his entitlement to relief under the newly discovered evidence exception set forth in § 9545(b)(1)(ii) in his Issue 9.

In analyzing a claim of newly discovered evidence under § 9545(b)(1)(ii), our supreme court in **Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007), made clear that the exception set forth in Subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the facts upon which the claim is predicated must not have been known to appellant and could not have been ascertained by due diligence. **Id.** (citation omitted). Therefore, the plain language of Subsection (b)(1)(ii) is not so narrow as to limit itself to only claims involving after-discovered evidence. **Id.** at 1272. Rather, Subsection (b)(1)(ii) has two components, which appellant must allege and prove: (1) that the facts upon which the claim was predicated were unknown and (2) that those facts could not have been ascertained by the exercise of due diligence. **Id.** If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection. **Id.** (citation omitted).

Here, appellant fails to allege any fact upon which his claim is predicated was unknown to him. In fact, appellant fails to advance any argument. Appellant's brief on this issue merely contains a reference to the

exception set forth in § 9545(b)(1)(ii). Therefore, appellant has failed to satisfy his burden of pleading and proving the applicability of the newly discovered evidence exception under § 9545(b)(1)(ii), and his petition is time barred.

Finally, on February 5, 2016, appellant filed an application for extension of time to file reply brief, and on February 18, 2016, he filed an application to file fewer copies of reply brief. We deny both applications.

Order affirmed. February 5, 2016 application denied. February 18, 2016 application denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2016